ORTEGA, J.
I dissent.
I disagree with the majority opinion’s analysis of the Wheeler issue. (People v. Wheeler (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748].) While the opinion relies on a census showing that nearly half of Inglewood residents are African-Americans, it ignores the other side of the coin—the majority of Inglewood residents are not African-American. Without resorting to census information, I am comfortable with the notion that Inglewood contains residents of many racial and ethnic backgrounds, including Caucasians. That means anyone who distrusts Inglewood residents in general is not focusing on any particular racial or ethnic group. I don’t see how this translates into a racial reason for excusing Inglewood residents from the jury.
The majority opinion editorializes that the prosecutor “protested too much.” (Maj. opn., ante, at p. 420.) This can be interpreted only as a conclusion that the prosecutor is a racist. I’m sorry to see such a terrible aspersion cast. There is nothing in this record to demonstrate that the prosecutor even knew the racial and ethnic makeup of Inglewood.
I feel it is improper to use race as even a partial reason for exercising a peremptory, even if there are myriad other valid grounds for excusing a juror. On the other hand, reasons other than those prohibited by Wheeler and its progeny need not meet any particular requirements. Indeed, they can be *422 irrational reasons, so long as the lawyer is not factoring in race or some other prohibition.
As the California Supreme Court commands, we “review a trial court’s determination regarding the sufficiency of a prosecutor’s justifications for exercising peremptory challenges ‘with great restraint. The party seeking to justify a suspect excusal need only offer a genuine, reasonably specific, race- or group-neutral explanation related to the particular case being tried. [Citations.] The justification need not support a challenge for cause, and even a “trivial” reason, if genuine and neutral, will suffice. [Citations.] “If the trial court makes a ‘sincere and reasoned effort’ to evaluate the nondiscriminatory justifications offered, its conclusions are entitled to deference on appeal. . . .” [Citation.]’ [Citations.] The determination whether substantial evidence exists to support the prosecutor’s assertion of a nondiscriminatory purpose is a ‘purely factual question.’ [Citation.]” (People v. Ervin (2000) 22 Cal.4th 48, 74-75 [91 Cal.Rptr.2d 623, 990 P.2d 506].)
Disagreements with a prosecutor’s stated reasons are relevant only if they tend to show that the prosecutor was using sham excuses to cover up racial reasons for exercising peremptory challenges. Otherwise, reviewing a prosecutor’s reasons for accuracy and substance would transmogrify peremptory challenges into challenges for cause. Wheeler and related cases prohibit a particular type of group bias. But most groups are not protected. Nothing prevents a lawyer, for example, from systematically excluding engineers or politicians or lawyers. I am confident that if the prosecutor had said he distrusts people who live in Beverly Hills, the majority would not conclude his views were racist.
I have no quarrel with the federal Bishop case, as characterized by the Ninth Circuit Court of Appeals. There, the “prosecutor explained the challenge as based in part on the fact the black juror lived in a predominantly low-income, black neighborhood and was therefore likely to believe the police ‘pick on black people.’ ” (U.S. v. Bishop (9th Cir. 1992) 959 F.2d 820, 821.) The challenge, motivated primarily because the juror was African-American, was improper. A White juror, otherwise similarly situated, apparently would not have been excused.
The Ervin court upheld the peremptory challenges when “the prosecutor expressed reasonably specific and neutral reasons, although not particularly logical or substantial ones, for excusing each prospective juror.” (People v. Ervin, supra, 22 Cal.4th at p. 75, italics omitted.) One can argue here that the prosecutor’s reason for excluding the Inglewood juror was not particularly *423 logical or substantial. But peremptory challenges do not have to be rational. They just must not be based on racial grounds. I do not feel this record justifies overturning the trial court’s denial of the Wheeler motion.
On July 17, 2001, the opinion was modified to read as printed above.
*424 Appendix
[[Image here]]